A. G. MANDEL *vs.* HAROLD J. BUTTLES and another.

April 1, 1875.

**Warranty on Sale of Goods—Buyer's Remedies for Breach.**—Where goods sold are warranted by the seller, who stipulates that if the buyer does not find the goods to be as warranted, he may rescind the contract of sale, and return the goods, the buyer, in case the warranty prove false, is not confined to a remedy by rescission and return, but may have his action for the breach.

Action on a bill of exchange, drawn by the plaintiff on the defendants, and by them accepted. Defence, that the bill was accepted on account of certain varnishes, etc., theretofore furnished by plaintiff to defendants, under a representation and warranty made by plaintiff to them, at the time of furnishing the goods, that such goods were of the

best quality, and were fit and proper materials for varnishing the best kinds of furniture. That the defendants ordered the goods for use in staining and varnishing the best kinds of furniture, trusting in the representations and warranty of plaintiff. That the goods were not fit or proper for such purpose, but altogether unsuitable, and have always been and are altogether useless to defendants. That at the time of the acceptance of the bill, defendants did not and could not know the character of the goods or any of them, but believed them to be as represented and warranted by plaintiff. That as soon as the defendants had the means of learning, and did learn the character of said goods, they notified plaintiff that they would not accept them, and offered to return them, which they are still ready and willing to do.

At the trial in the district court for Olmsted county, before *Mitchell*, J., it appeared from the testimony of the defendants, that in March, 1872, an agent of plaintiff, whose place of business is in New York, called on the defendants at their place of business in Rochester, in this state, and obtained from them the following order :

ROCHESTER, MINN., March, 1872.

Messrs. A. G. Mandel & Co., New York.

Please ship by R. W. at once the following goods, ordered though your agent, M. A. Hostetter :

| No. bbls. | | Price per Gallon. |
|---|---|---|
| 1 | No. 1 Copal | $1 40 |
| 1 | Pure Shellac | 3 00 |
| 1-2 | Walnut Stain | 1 00 |
| 1-2 | F flowing | 2 50 |

Terms six months.

BUTTLES & HERRICK.

Before taking the order, the agent said the goods were the best of their kind, and (according to the testimony of Buttles) if defendants did not find them so, on trial, they need not keep them ; or, as testified by Herrick, the agent warranted the goods to be of the best quality, and suitable

for use in defendants' business, and that on trial, if defendants found them not so, they need not pay for them.

The goods were sent from New York, March 26, and at the same time a notice of shipment, with a bill of the goods, was sent to defendants, which they received about six weeks after the order was given. Defendants objected to certain alleged overcharges, and some time was consumed in adjusting this claim. At length, about ten weeks from the date of the order, defendants were credited with the amount of the overcharges, and for the balance, being the price of the goods ordered and sent them, the bill in suit was drawn, bearing date March 26, 1872, payable six months thereafter, and was accepted by defendants July 18, 1872. Afterwards, and early in October, 1872, the defendants took the goods away from the railroad depot.

On October 9, the defendants wrote to plaintiff, asking sixty days more time on the bill, on the ground of delay in the arrival of the goods, and the further delay caused by the overcharges, adding : "We have not tried all the goods yet ; nothing but the shellac : that we find good."

On December 16, 1872, defendants wrote to plaintiff, as follows : "We have tried all the goods we had of you. The shellac and copal varnish are not what they should be for the price. The shellac I tried, and wrote you we were pleased with it. When we got a finisher, he called it poor, and don't like to use it. Had we known this before we accepted the draft, we would not have accepted it. But as it is, we will pay for the goods as soon as we can, or will hold them subject to your order. We have not used any more than to make a fair trial, and will not before spring. Business has come to a standstill. We cannot remit until trade commences again."

Defendants also introduced evidence tending to prove that the goods had remained in the basement of their factory since they were received ; that they had tried them on their furniture, and that the furniture on which they were used was unsalable ; that they had tried to sell the goods, but

they were unsalable. They then called, as a witness, a druggist and dealer in varnishes, who testified that he had examined the goods in question. He was then asked to state the result of his examination, which was objected to by plaintiff, as irrelevant and immaterial, unless defendants proposed to follow it up with further evidence tending to prove the non-acceptance of the goods, or rescission of the contract.

Defendants then admitted that they did not propose to offer any further testimony as to contract of purchase of the goods in question, nor any further evidence tending to show a rescission of the contract, or return of the goods by defendants; but they offered to show that the articles delivered by plaintiff to defendants were useless and of no value, and that the warranty made in the sale was broken. This evidence the court refused to receive, and ruled that no evidence tending to show that the goods were not of the quality agreed, and not as warranted by plaintiff they should be, could be received; to which defendants excepted.

Defendants then asked leave to amend their answer so as to allege a breach of warranty in the contract of sale, as set forth in the evidence of Buttles and Herrick, and damage resulting therefrom to defendants, by way of defence or counterclaim. To this proposed amendment the plaintiff objected, and the court refused to allow it, for the reason that the evidence already introduced shows a conditional sale, with privilege to return the goods, if, on trial, they did not prove as represented, and also proves that defendants, upon receipt of the goods and trial thereof, had elected to receive and accept them; and that, under that state of facts, the defendants cannot now claim or recover damages for alleged defective quality of the goods, and therefore evidence of the defective quality, or damages resulting therefrom, would, in this case, be inadmissible, even if the amendment were allowed; to which ruling defendants excepted.

The court directed a verdict for plaintiff for the amount claimed in the complaint; a new trial was refused, and defendants appealed.

*H. C. Butler*, for appellants. The vendee in an executory contract of sale, with warranty as to the quality of the article contracted for, upon receipt of the article, and subsequent discovery of a breach, is not bound to return or offer to return the property, but he may retain and use the same, and have his remedy upon the warranty, where the defects are not open and visible. *Day* v. *Pool*, 52 N. Y. 416 ; *Foot* v. *Bentley*, 44 N. Y. 166 ; *Muller* v. *Eno*, 14 N. Y. 597 ; *Waring* v. *Mason*, 18 Wend. 425 ; *Boorman* v. *Jenkins*, 12 Wend. 566 ; *Voorhees* v. *Earl*, 2 Hill, 288 ; *Cary* v. *Gruman*, 4 Hill, 625 ; *Reed* v. *Randall*, 29 N. Y. 358, *per* Hogeboom, J., dissenting.

The evidence shows that plaintiff agreed to and did warrant the quality of the articles sold ; and the effect of the additional statement of the agent as to returning the goods, or as to not paying for them, was to strengthen the warranty, and not to qualify it by any condition.

*Chas. M. Start*, for respondent. The evidence offered to show damage to defendants, by reason of alleged defective quality of goods, was immaterial under the pleadings, unless followed by proof of the allegation of the answer that they had refused to accept the goods, and had offered to return them, because there was no averment of any damage whatever. And the defendants admitted that they did not return or offer to return the goods.

The remedy of a vendee to recover damages, on the ground that the article furnished does not correspond with the agreement, in case of executory contracts for the sale and delivery of personal property, does not survive after the acceptance of the property by the vendee, or the lapse of a reasonable time in which to examine the property and ascertain its defects, and give notice of the defects to the vendor, accompanied with an offer to return the property to him. 1 Pars. Cont. 593 ; 2 Kent, 480 ; *Sprague* v. *Blake*, 20 Wend. 61 ; *Reed* v. *Randall*, 29 N. Y. 358 ; *Andrews* v. *Hensler*, 6 Wall. 254 ; *Hargous* v. *Stone*, 5 N. Y. 73.

There is a clear distinction as to the rights and liabilities of

vendees, between executed and executory contracts of sale. In the case of an executed sale, no offer to return is necessary. Many of the cases cited by appellants arise upon executed sales, and are not in point. *Muller* v. *Eno* was on an executed contract. *Foot* v. *Bentley* was on an executed sale with warranty. In *Day* v. *Pool*, the question was not necessarily involved, for plaintiffs complained of the quality of the syrup at various times while defendants were delivering it, and returned a sample, complaining of its deficiency, and defendants promised to correct it in the end, and thus were estopped from taking advantage of the non-return of the goods.

There was no warranty in this case, but a conditional sale, with privilege of returning the goods, if defendants, on trial, did not find them the best of their kind. The subject-matter of the sale was not ascertained at the time of the giving of the order, and the agreement that it shall, when it is ascertained and delivered to defendants, possess certain qualities, and if, on trial, they do not find it so, they need not keep it, is not a mere warranty, but a conditional sale, and the performance of the condition must precede any obligation of defendants under the contract.

The proposed amendment was to be in accordance with the facts proved; hence it was a question for the court what the facts were, and what inferences should be drawn from them; and upon this question the finding of the court is conclusive.

BERRY, J. Plaintiff, through an agent, sold to defendants certain quantities of furniture varnish and staining materials. The testimony of defendants Buttles and Herrick was to the effect that, at the time of the sale, the plaintiff's agent warranted the goods purchased to be of the best quality, adding, according to Buttles, that if they did not find them so, they need not keep them, and, according to Herrick, that if they did not find them so, they need not pay for them. Between these two versions of the added stipulation, we think there is no essential difference, the meaning being that if the defendants did not find the goods

to be as warranted, they might rescind the contract of sale, by returning the goods.

In the view which we take of this case, it will not be necessary to enter into an examination of the conflicting authorities, for the purpose of laying down any general rule as to the right of the buyer of goods warranted to return the same, if the warranty is found to be false, in cases where there is no stipulation for a return. Neither will it be necessary to enquire whether, as respects this right, there is any distinction between contracts executed and executory.

The plaintiff contends that the effect of the stipulation for the rescission of the contract and return of the property was to make such rescission and return defendants' exclusive remedy, in case the goods purchased failed to correspond with the warranty. Or, in other words, that the effect of the stipulation referred to, was, so far as the question of remedy was concerned, to rescind and vacate the contract of warranty. But we are of opinion, in the language of Mr. Justice Metcalf, in *Douglass Axe Mnfg. Co.* v. *Gardner*, 10 Cush. 88, (a case which more than covers the case at bar,) that, under such circumstances, "the buyer has, if not a double remedy, at least a choice of remedies, and may either return the property within a reasonable time, or keep it, and maintain an action for breach of the warranty." There is some authority to the contrary of this view; but we find nothing so satisfactory as the case cited. If it be admitted that, without the stipulation, the defendants would have had no right of return, it is difficult, independent of authority, to see why a stipulation that a party may have a remedy not given by law should be held to deprive him of one clearly given by law, in the absence of any agreement to that effect.

It affirmatively appearing in the record, that the court below refused the amendment asked for by defendant, not in the exercise of its discretion, but upon a view of the law inconsistent with the views above expressed, it follows that the order denying a new trial must be reversed.

NOTE.—See *Day* v. *Pool*, 52 N. Y. 416.