CHARLES HULL v. JOHN BELKNAP AND AARON S. DRAKE.

*Breach of Warranty—Goods not Returned.*

Breach of warranty may be set up as a defense without returning the goods, unless the contract of sale expressly requires their return. The omission to return them only affects the amount of damages recoverable.

Where goods were sold with warranty, and the defense to an
action for part of their price was grounded on a breach thereof,
an inquiry as to whether part of the goods were sound that
had been returned as unsound, was relevant on the cross-
examination of the plaintiff, who had testified as to the con-
tract and its performance.

Error to Wayne.   Submitted June 15.   Decided June 20.

ASSUMPSIT for balance due on a sale, the defense being
grounded on a breach of warranty.   Plaintiffs below recov-
ered, and defendant brought error.

*Edward E. Kane* and *Charles S. May* for plaintiff in
error.   Where merchandise is yet to be delivered, and can-
not be seen until then, there is an implied warranty that it
shall be salable.   Story Cont., § 834;   Benj. Sales, § 656;
*Gardiner v. Gray*, 4 Camp., 144;   *Merriam v. Field*, 24
Wis., 642–3;   *Gallagher v. Waring*, 9 Wend., 27;   *Osgood
v. Lewis*, 2 Har. & G., 519, 524;   *Hanks v. M'Kee*, 2 Litt.,
229;   *Laing v. Fidgeon*, 4 Camp., 169;   *Jones v. Just*, 3 L.
R. (Q. B.), 202;   so also where the contract of sale is exe-
cutory, *McClung v. Kelley*, 21 Ia., 511;   *Howard v. Hoey*,
23 Wend., 350;   *Hamilton v. Ganyard*, 3 Keyes (N. Y.), 47;
*Babcock v. Trice*, 18 Ill., 421;   *Misner v. Granger*, 4 Gill-
man (Ill.), 74;   *Hart v. Wright*, 17 Wend., 277;   *Cleu v. Mc-
Pherson*, 1 Bosw., 489;   *Rodgers v. Niles*, 11 Ohio St., 55–7;
and where the goods are bought in reliance on the vendor's
judgment, and to be sold again by the vendee, Benj. Sales,
§ 661;   *Mann v. Everston*, 32 Ind., 356;   *Brown v. Sayles*,
27 Vt., 231;   *Gaylord Manuf'g Co. v. Allen*, 53 N. Y., 518;
*Beals v. Olmstead*, 24 Vt., 118;   *Whitmore v. Boston Iron
Co.*, 2 Allen, 58;   *French v. Vining*, 102 Mass., 135;   *Leo-
pold v. Van Kirk*, 27 Wis., 156;   *Fisk v. Tank*, 12 Wis.,
302;   *Jones v. Bright*, 5 Bing., 533;   *Brown v. Edgington*,
2 Man. & G., 290;   *Bigge v. Parkinson*, 7 H. & N., 961;
and the vendee need not return the goods before setting up
a breach of warranty as a defense to an action for payment,
*Poulton v. Lattimore*, 9 B. & C. (17 Eng. C. L.), 259, 264,
265;   *Muller v. Eno*, 14 N. Y., 602;   *Parker v. Pringle*, 2.

Strobh. (S. C.), 249, 250; *Day v. Pool*, 52 N. Y., 416-422, and cases cited; *Shepherd v. Temple*, 3 N. H., 457-8; *Harrington v. Stratton*, 22 Pick., 510; *Borrekins v. Bevan*, 3 Rawle, 23; *Kellogg v. Denslow*, 14 Conn., 420; *Boorman v. Jenkins*, 12 Wend., 576; *Getty v. Rountree*, 2 Chandler (Wis.), 42; *Miller v. Smith*, 2 Mas., 439; *M'Allister v. Reab*, 4 Wend., 493; Chitty Cont., 458; Starkie Ev., 645.

*E. Y. Swift* (on brief) for defendant in error.    Where a chattel is bought on condition that if unsatisfactory it may be returned, the purchaser should tender it back in a reasonable time, or at least give notice of the defect, or he is estopped from denying its value, Pars. Cont., 450; *Van Allen v. Allen*, 1 Hilton (N. Y. C. P.), 524; *Fisher v. Merwin*, 1 Daly (N. Y. C. P.), 234; *Meldrum v. Snow*, 9 Pick., 440; *Eldridge v. Benson*, 7 Cush., 485; even if there was an express warranty, *Moss v. Sweet*, 3 Eng. L. & Eq., 311; *Adam v. Richards*, 2 H. Bl., 573; *Jameson v. Gregory*, 4 Metc. (Ky.), 369.    There is no implied warranty of soundness where provisions are sold as merchandise and not for immediate consumption, *Hoover v. Peters*, 18 Mich., 51; *Hyland v. Sherman*, 2 E. D. Smith (N. Y.), 234; *Jones v. Murray*, 3 T. B. Monr. (Ky.), 83; *Hart v. Wright*, 17 Wend., 267; *Moses v. Mead*, 1 Den., 378; and where a chattel is sold without express warranty or fraud, and the buyer takes it on inspection, or with the opportunity to inspect it, he takes the risk of its quality and condition under the rule *caveat emptor*.    *Emerson v. Brigham*, 10 Mass., 197; *Howard v. Hoey*, 23 Wend., 350; *Mixer v. Coburn*, 11 Met., 559; 2 Kent's Com., p. 478; Story on Sales, § 369; *Humphreys v. Comline*, 8 Blackf., 516; *Kohl v. Lindley*, 39 Ill., 195; *McGuire v. Kearny*, 17 La. Ann., 295; *Stevens v. Smith*, 21 Vt., 90.

CAMPBELL, J.    Belknap & Drake sued Hull for the balance of a bill of canvassed shoulders, and the case was defended on the ground of defects in their quality.    Belknap & Drake appear to have been packers and wholesale dealers, and at Hull's request agreed to put up and cover a quantity

of shoulders, to be disposed of by Hull in his business, which was chiefly retail. The amount furnished was a little over three thousand pounds. Soon after the delivery it was discovered, partly by cutting shoulders for sale, and partly by returns from purchasers of whole shoulders sold uncut, that a considerable portion of the meat was tainted and wormy. From time to time Hull returned larger or smaller quantities of the shoulders, and received credit for them. Being sued for a balance of between fifty and sixty dollars, he defended on the ground of breach of warranty, and the questions before us arise out of that defense.

As it was held by the circuit court that such a warranty existed, and the evidence very clearly showed it, the grounds of error arise out of instructions concerning the duty of the defendant, and upon a point of evidence. The jury gave a verdict for the entire balance without deduction.

Mr. Belknap being on the stand and having testified concerning the contract and its performance, and on cross-examination having been asked concerning the return by Hull of a lot of cut shoulders, was asked "Were those good, sound, merchantable shoulders?" This question was excluded.

No reason is suggested by counsel for defendant in error, and we can think of none, which would justify this refusal. It was directly pertinent on the main issue concerning the performance of the contract to deliver such articles.

The court among other things charged the jury that "if the defendant was informed by the plaintiffs and understood that he must return all goods that he thought were bad if he claimed damages, then it was his plain duty to return them within a reasonable time." And further the jury were instructed "that if the defendant had in his possession a lot of shoulders that had not been cut up or touched at all, I do not think he would be justified in claiming at your hands a verdict unless he had returned those shoulders; and if that was the case, I should say it was his plain duty to have returned those shoulders to the plaintiff within a reasonable time."

The shoulders were delivered to Hull on the 8th of June, and returned in various parcels up to the 9th of July, 1875.

Unless it was one of the express terms of sale that damages could only be recovered for articles returned, the law, so far as we are advised, has favored no such proposition. The sellers could not impose any new conditions. We had occasion recently, in the case of *Kimball & Austin Manufacturing Co. v. Vroman*, 35 Mich., 310, to discuss the doctrine of warranties and refer to several authorities bearing on the respective rights of parties, and need not now dwell upon them at length. If a warranty is broken, it is a defense so far as it goes, to an action for the price; and if the property is not returned, and has any value, the damages will be less than on a return. But it must often be impracticable to restore the property, and in the case of tainted meat, as it is not fit to be sold as provisions and can only be properly used for other purposes, there appears to be no reason for making it an exception, but rather the reverse. The cases cited on the argument were those of conditional sales, where title passed on certain agreed terms and the sale became absolute if the property was not restored. We do not understand that the failure to return warranted property can affect any thing but damages, in the absence of special conditions express or implied.

So far as we can determine from the record, we have not found any evidence that there was any unreasonable delay, nor any evidence of the retention of uncut shoulders. But this becomes unimportant, and it may be that all the facts do not appear. The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.