Eugene C. Scott *vs.* Henry C. Raymond and another.

January 24, 1884.

**Sale—Warranty— Evidence held Sufficient.**— Evidence considered, and *held* sufficient to support a finding by the jury of a warranty of the quality of the goods agreed to be furnished under an executory contract of sale.

**Same—Remedies of Buyer for Breach.**—In such case, upon the consummation of the sale by delivery to the vendee without fault on his part, he may retain the property, and, if it turn out to be defective, and not as warranted, he may elect to rely upon the warranty and sue for his damages, or recoup the same in an action against him for the purchase price.

Appeal by plaintiff from an order of the district court for Freeborn county, *Farmer,* J., presiding, refusing a new trial, after a verdict of $271, for defendants.

*H. R. Wells,* for appellant.

*Lovely & Morgan,* for respondents.

VANDERBURGH, J.    This action is brought by plaintiff to recover a
balance due upon contract for the sale and delivery of 1,000 barrels
of apples, at an agreed price of $3,000.    The complaint alleges
the delivery of the apples, which the answer admits, and no other
issue is raised by the pleadings, except that the answer alleges that
the contract for the sale of the apples—which was not in writing—
contained a stipulation amounting to an express warranty of the
quality of the goods agreed to be furnished under it by plaintiff,
and also a breach thereof, and claims damages, for which it sets up
a counterclaim.    The question of the rescission of the contract, in
whole or in part, is not within the issues.    The plaintiff affirms the
contract, and brings this action upon it, and the defendant admits a
delivery under it.    The contract was executory, of goods to be se-
lected by the plaintiff, and the 1,000 barrels sent were appropriated
to it by him.    1 Benj. Sales, § 488, (Corbin's Ed.)

No question arises in the case under the statute of frauds.    If
there was no warranty, the goods having been actually received and
retained by the buyer, the case might be held to be governed by
*Haase* v. *Nonnemacher*, 21 Minn. 486.    That case proceeded upon
the ground that there was no express warranty, but, as stated by the
court, (page 490,) the seller might have bound himself by express
warranty, as in the case of a sale *in præsenti*, as the vendor was held
to have done in *Mandel* v. *Buttles*, 21 Minn. 391, upon the consum-
mation of the sale.    *Day* v. *Pool*, 52 N. Y. 416.

It can hardly be doubted that there was evidence tending to prove
such warranty in this case sufficient to send the case to the jury.
The defendant's evidence is that plaintiff applied to him to purchase
his fall supply of apples; that defendant offered so to do if he, plain-
tiff, "would give his word that they were first-class, both in fruit and
package;" that, after considering the matter, plaintiff agreed to ac-
cept defendant's proposition, and "stated that the apples should be
in every particular equal to Henning's and Stanley's packing."    "We
made the bargain in the office, I agreeing to pay him $3,000 for the
apples, relying on his statements."    The evidence also tended to show
that the apples furnished by plaintiff were of inferior grades, and not
such as defendant claims they were represented and agreed to be, in

quality or packing. They were delivered by rail in separate car lots at Albert Lea, where defendant resided. The first car having been contracted to several parties before its arrival, the consignment was accordingly forwarded to them without examination by defendant, and the other car lots were received in the expectation, and upon plaintiff's assurance, that they would be better. It also appears that plaintiff notified defendant by letter that if he could not use or did not want the several cars already shipped or to be shipped, he might forward them to Minneapolis. This, however, the defendant did not do, but claims, and offered evidence tending to show, that after further negotiations the plaintiff came in person and examined the goods, and requested defendant to retain them and do the best he could with them.

The question whether the goods were finally so retained under the contract, in pursuance of such arrangement, was for the jury. After the delivery and receipt of the goods, under the circumstances as claimed by the defendant, a resale of a portion thereof, without examination or notice of their defective quality, and payment of a part of the purchase price as admitted, he was not bound to accept plaintiff's proposition to reship the balance to other parties. He might retain the same, rely upon the warranty, and recoup or sue for his damages for the breach thereof. The question of warranty, as well as of the subsequent negotiations of the parties as to the disposition of the property, arising upon the evidence, seem to have been fairly submitted to the jury. The defendant had advanced over $1,200 on the contract, and had received, as he claimed, inferior goods, and he might reasonably decline to abandon the contract unless a satisfactory adjustment was reached.

Defendant's letter of October 26th, in which he advises plaintiff "to come or send a competent man and take apples off his hands," doubtless had reference to some such adjustment, but was not an abandonment of his rights under the contract, and is to be construed in connection with the situation, and the subsequent conduct of the parties.

Order affirmed.