MARY C. HALLEY, Respondent, *v.* J. B. FOLSOM, Appellant.

### 1. Contract—Executory—Warranty.

In an executory contract for the sale of personal property, the vendor may warrant the quality of the goods contracted to be sold, and such warranty will have the binding force of a warranty upon a sale *in præsenti*, and no greater.

### 2. Same; Patent and Latent Defects—Action on Warranty.

Such warranty will not cover defects that are patent or readily discovered on inspection, and it is the duty of the vendee to reject the property if it does not conform to the representations; but if the vendee accepts the property without knowing or having reason to believe that it does not fulfill the terms of the warranty, and the defect is one that might not be readily discovered, the vendee may, upon a subsequent discovery of the defect, bring an action for damages on the warranty without returning or offering to return the property.

### 3. Evidence; Jury Sole Judges of Weight of.

Where there is a substantial conflict in the testimony, the jury are the sole judges of the weight of evidence; and, where the trial court charged the jury that certain propositions must be established by a clear preponderance of evidence, this court cannot say that the jury disregarded the charge of the court, simply because we might think the preponderance of testimony was not in favor of such proposition.

### 4. Evidence Held Incompetent to Rebut Proof of Warranty.

The poor credit of the vendee cannot be shown to rebut evidence of a warranty where the sale was made on credit, but at a price above the cash market value of the article, and security taken for the purchase price.

### 5. Evidence; Competency of Question Not Apparent—Exclusion Not Error.

Where an objection is sustained to a question propounded to a witness, and the competency of the question is not apparent on its face, the party must offer to prove the facts sought to be elicited before he can assign error upon the ruling upon the objection.

(Opinion Filed February 4, 1891; Rehearing Denied February 25, 1891.)

*A*PPEAL from district court, Ransom county; Hon. W. S. LAUDER, Judge.

J. E. Robinson, for appellant, cited: U. S. Digest, Sales, § 1099; Pickett v. Hayes, 13 Ind. 181; 5 Wait's Actions and Defenses, 554, 563; Osborne v. Gantz, 60 N. Y. 540; Maxwell v. Lee, 27 N.

W. 196; Benjamin on Sales, § 311; Poland v. Brownell, 131 Mass. 138.

Messrs. Goodwin, Van Pelt & Gammons, for respondent, cited upon the point stated in first paragraph of the foregoing syllabus: Dailey v. Green, 15 Penn. St. 118; Byers v. Chapin, 28 Ohio St. 300; Field v. Kinnear, 4 Kan. 409; Taylor v. Cole, 111 Mass. 363; Polhemus v. Heman, 45 Cal. 573; Brigg v. Hilton, 99 N. Y. 517. On the third point they cited: Brewing Co. v. Mielenz, 5 Dak, 136; Pielke v. R. R. Co. id. ib. 444. On the fourth point they cited: Green v. Disbrow, 56 N. Y. 336; Greenleaf on Evidence, vol. 1, § 52. On the fifth point: Mordhorst v. Neb. Tel. Co. 44 N. W. 469; Kern v. Bridwell, 21 N. E. 664; Smedhurst v. Proprietors, etc., 19 id. 387.

BARTHOLOMEW, J. This was an action to recover damages for a breach of warranty in the sale of certain seed wheat. At the close of plaintiff's testimony, and again when the testimony was all in, appellant moved the court to take the case from the jury, and direct a verdict for defendant, for the reason "that the sale mentioned in the complaint was not a sale with a warranty; that it was only an executory contract for subsequent sale and delivery of wheat; and that the subsequent acceptance of the wheat, with opportunity for examination, bars any action for recovery by reason of the wheat not being as contracted for." The adverse ruling on this motion raises the first question in the case. The contract was made at a distance of several miles from the wheat. Plaintiff was represented by her husband, who acted as her agent. The amount, price, terms of payment, and security to be given were agreed upon, and, as plaintiff claims, the warranty was given. Plaintiff not being present to execute the note and mortgage, the papers were prepared, and taken to plaintiff, who signed them, and returned them the following day by her husband, who delivered them to an agent of the defendant, and received an order for the wheat. At that time the wheat was in the possession of another agent of defendant, and was an unseparated portion of a much larger quantity of wheat of substantially the same quality. Plaintiff sent her son, a young man nineteen years of age, after the wheat, and it was

hauled away during two succeeding days. For the purposes of this case we will assume, without deciding, that there was no completed sale until the wheat was delivered, and we will also assume that the son had all the authority to reject the wheat that the plaintiff would have had if present; still we think there was no error in overruling appellant's motion. It is true that there can be no effective warranty—no warranty that will serve as the basis of an action—without a completed sale. If the purchaser reject the property because not of the specified quality, he may have an action on the contract for failure to deliver, but he can have no action upon the warranty. There can be no breach of the warranty if the title never vests in the purchaser.

The case of Osborn v. Gantz, 60 N. Y. 540, cited by appellant, was a case where the purchaser refused to accept the goods. In executory contracts for the sale of personal property, the acceptance of the property by the vendee, with full opportunities for inspection, and where he is not induced to refrain from inspection through any fraud or artifice of the vendor, is generally regarded as an admission that the property corresponds with the terms of the contract of sale. Reed v. Randall, 29 N. Y. 358; Dutches Co. v. Harding, 49 N. Y. 321. But this rule does not cover latent defects, or defects not readily discernible on inspection. It is entirely competent, however, for the vendor, in an executory contract of sale, to make an absolute warranty of the quality of the goods. It is purely a question of intent. If he intend to extend the warranty beyond the delivery, and make himself responsible for any damages that may result in case the goods are not as represented, and if the other party so understand it, he is bound. In this respect the law is the same whether the contract of sale be executory or *in præsenti.* Patent defects are not within the warranty in either case. And in either case, where defects are discovered after delivery, the vendee is not bound to return or offer to return the goods, but may retain and use the same, and bring his action upon the warranty. In Day v. Pool, 52 N. Y, 416, Peckham, J., delivering the opinion of the court, says: "In addition to the mere contract of sale in an executory as well as on a sale *in*

*præsenti*, a vendor may warrant that an article shall have certain qualities. This agreement to warrant in an executory contract of sale is just as obligatory as a warranty on a present sale and delivery of goods." And again: "I see no reason why the same rights and remedies should not attach to a warranty in an executory as in a present sale, and no greater. The purchaser in an executory sale could not rely upon a warranty as to open, plainly apparent defects, any more than he could in a sale *in præsenti*." And again: "In my opinion, where there is an express warranty, the purchaser, whether in an executed or an executory sale, is not bound to return the property upon discovering the breach, even if he have a right to do so." In Maxwell v. Lee, (Minn.) 27 N. W. Rep. 196, it is said: "It is undoubtedly the settled law in this state, and generally elsewhere, that on an executory contract of sale, as in a sale *in præsenti*, of personal property, the vendor may warrant the quality; and that the vendee, upon the receipt of it, and upon subsequent. discovery of the breach of warranty, is not bound to return, (even if he had the privilege of doing so,) but may retain and use the property, and have his remedy upon the warranty." See, also, Scott v. Raymond, 31 Minn. 437, 18 N. W. Rep. 274; Mandel v. Buttles, 21 Minn. 391; Polhenus v. Heiman, 45 Cal. 579; Gurney v. Railroad Co., 58 N. Y. 358; Hull v. Belknap, 37 Mich. 179; Axe Co. v. Gardner, 10 Cush. 88; Brigg v. Hilton, 99 N. Y. 517, 3 N. E. Rep. 51; Doane v. Dunham, 65 Ill. 516; Dailey v. Green, 15 Pa. St. 125; Brantly v. Thomas, 22 Tex. 270. As appellant's motions were based upon the theory that there could be no warranty in an executory contract of sale of personal property, they were properly overruled.

The fourth assignment of error is closely allied to the foregoing. Appellant asked an instruction, which was refused, covering the thought that if plaintiff accepted the wheat, and retained and used it without objection, the presumption was conclusive that the property conformed to the contract, and that such acceptance barred all claims for compensation on account of any defect shown by subsequent inspection. The authorities already cited show that such is not the law. The defect claimed in this case was that the wheat had been heated

or "bin burned" to an extent that destroyed the germ, so that it would not sprout. A witness, who examined the wheat some weeks after it was sown, testified that not more than one-half of the seed grew; that the kernels were soft, and gave no indications of growing; and James Halley, plaintiff's husband, testified that the poor quality of the seed was not known until after it was sown. Young Halley, the son who hauled the wheat, testified that he held the sacks into which the wheat was placed, but that he noticed nothing wrong about it. Another witness, an experienced farmer, who was present getting some of the same wheat for himself, testified that he told young Halley that he did not think the wheat was No. 1, but thought it would make good seed. There was also a difference of opinion among the witnesses as to whether or not bin-burned wheat would grow. This evidence tended to show that the defect was one not readily discovered on casual examination, and that it might require special knowledge to detect it. Whether or not there was a warranty or whether or not plaintiff by herself or agent accepted and received the wheat knowing or having reason to believe that it did not comply with the warranty, were matters fully and very fairly submitted to the jury by the learned trial judge. The law covering the point raised by the instruction refused was correctly given to the jury in the charge of the court.

It is assigned as error that the verdict is against the charge of the court, because the court charged the jury that in order to find a verdict for respondent they must find certain propositions sustained by a clear preponderance of evidence, and it is claimed that the preponderance of the evidence is against each of these propositions. But it must be evident that we can never disturb the judgment on this assignment until we are willing to substitute the views of this court as to the weight of testimony for those of the jury. It needs no citation of authorities to show that we cannot do that where there is any substantial conflict in the testimony, as there certainly is in this case. Appellant had testified that he did not care to sell wheat to respondent, and was asked by his counsel to explain why. Under objections, the appellant was not permitted to explain. The

avowed object was to show that respondent was in impecunious circumstances, and without good credit. Respondent's husband had testified to an express warranty of the wheat. This, appellant had denied. It was sought to show respondent's financial standing, and base thereon an argument that appellant would not be so anxious to sell wheat on time to a person without credit as to warrant its quality, for the purpose of inducing a sale when wheat was a cash article. But it stood uncontradicted that appellant had sold the wheat to respondent at a price much higher than the cash value of the wheat in market, and had taken security for the purchase price. Under these circumstances we think the evidence sought to be introduced entirely incompetent.

Another witness for appellant, who had been engaged in farming for many years, was asked this question: "Did you ever hear of any farmer asking another to guaranty to him the quality of wheat?" An objection to the question was sustained, and we think rightfully so. The competency of the question is not apparent, and the record does not show that appellant stated for what purpose he asked it, or what he proposed to prove. In the absence of such showing, we cannot presume error. Mordhorst v. Telephone Co., (Neb.) 44 N. W. Rep. 469. The remaining assignments of error are entirely within the foregoing rule. We find nothing in the record that requires a reversal of the judgment below, and it is accordingly affirmed. All concur.