JOHN N. BRUNDAGE *vs.* R. B. MELLON.

Opinion filed May 21st, 1895.

**Fraudulent Representation of One Partner Binds the Other.**

> Every partner is liable for the fraudulent representations of every other partner made in the sale of partnership property as a means of effecting such sale.

**Judges Statement in Excluding Evidence—Effect.**

> Where the trial court, by its ruling in excluding evidence, plainly asserts that the plaintiff cannot, as a matter of law, recover on the theory on which he is seeking to sustain his action, he is not bound, in the absence of notice that he must so do, to offer proof of the other allegations of his complaint. The other facts, for the purpose of reviewing the ruling of the trial court, are, under such circumstances, to be deemed capable of proof; and it is to be assumed that plaintiff could have proved them had he not been met with such adverse ruling, rendering further evidence meaningless and without force in the case.

Appeal from District Court, Burleigh County; *Winchester,* J.

Action by John N. Brundage against R. B. Mellon, surviving partner of the firm of Mellon Bros. Judgment for defendant, and plaintiff appeals.

Reversed.

*Newton & Patterson,* for appellant.

*E. W. Camp,* for respondent.

CORLISS, J. Defendant was sued as surviving member of the firm of Mellon Bros. for deceit in the sale of horses by such firm to plaintiff. On the trial, plaintiff sought to establish the allegations of the complaint as to fraudulent representations connected

with such sale by offering to prove that the member of the firm who was dead at the time of the trial had, in effecting the sale, made certain representations touching the soundness of the horses sold. The evidence was excluded by the trial court, plainly on the ground that one partner is not liable for the fraudulent representations of his copartner in effecting a sale of partnership property. This is not the law, and, on principle, it ought not to be the law. Although a few courts have taken a different view of the question, there is ample authority to support the rule which renders all the members of the firm liable for the tort of one of its members under such circumstances. 1 Bates, Partn. § 472; *Chester* v. *Dickerson*, 54 N. Y. 1; Mechem, Ag. § 743; *Wolfe* v. *Pugh*, 101 Ind. 293; Story, Partn. § 108; *Strang* v. *Bradner*, 114 U. S. 555, 5 Sup. Ct. 1038; *Locke* v. *Sterns*, 1 Metc. (Mass.) 560; *Jewett* v. *Carter*, 132 Mass. 335. See, also, *Haney Manuf'g Co.* v. *Perkins*, 78 Mich. 1, 43 N. W. 1073; *Stanhope* v. *Swafford*, 80 Iowa, 45, 45 N. W. 403. Our Code settles the law in this state. The liability of one partner for the act of another partner is declared by section 4052, Comp. Laws, to be governed by the title relating to agency; and, when we turn to that title, we find it there clearly asserted that the principal is liable for the wrong of the agent when committed by him in and as a part of the transaction of the business of the principal. Comp. Laws, § 3997. The offer of the plaintiff by the questions he asked was to prove a representation made by the deceased partner in and as a part of the transaction of the business of his principal; *i. e.* the other partner, the defendant in this case. The offer was to prove that the representations were made in connection with a sale of partnership property, and as a means of effecting such sale. It is obvious that the trial court ruled out the evidence on the theory that the defendant was not liable for the deceit of the deceased partner, as the ruling followed a statement by plaintiff's counsel, in answer to an inquiry by the court touching the nature of the action as disclosed by the complaint, that it was not an action for breach of warranty, but for deceit.

But it is insisted that plaintiff failed to establish, or offer to establish, a case against defendant, even assuming that the evidence rejected had been received. But we do not think that, in the absence of notice from the court that he must so do, a party is bound to proceed to offer further evidence in the case when a ruling is made which renders it impossible for him to recover. The plaintiff, by the decision of the trial court, was notified that, no matter what he might prove, he could not make out a cause of action for deceit against defendant, unless he (defendant) could be personally connected with the wrong. It was waste of time for him to proceed further. Nay, the foundation for further proof was wanting. He could not prove that the representations were false, and were known to be false by the party making them, with no representations established in the case on which he could base a further inquiry. The true rule is stated in *Loeb* v. *Willis*, 100 N. Y. 231, 3 N. E. 177. The court say, at page 235, 100 N. Y., and page 177, 3 N. E.: "After ruling, as a matter of law, that Willis was estopped by the former adjudication, he was under no obligation to offer any evidence; and it cannot be said here that his offer was not sufficiently broad or specific, because we cannot tell what, but for the erroneous ruling, he might have proved." For counsel for respondent to insist that the error was without prejudice is to beg the whole question. By making this contention he necessarily assumes that the plaintiff would have been unable to prove a case had his course not been blocked on the very threshold of the trial by defendant's objection. We do not wish to be understood as asserting that where the objection relates to incidental matters, and the parties proceed with the trial, and it is apparent that the plaintiff has offered his entire evidence, this court will reverse for the error in excluded testimony where the plaintiff has failed in making a case, even assuming that the excluded evidence is in the case. But where a fundamental objection is interposed, where it strikes at the very heart of the case, and where logically it must, if sustained, result in the exclusion of evidence of sequent

facts which hang upon it and have no meaning or force in the case without proof of this main fact on which they rest for their significance in the cause, then, when the ruling of the court is adverse, the baffled litigant need proceed no further in the hopeless effort of establishing a cause of action. The attitude of the court in such a case is that, assuming that all the other allegations of the complaint are true, the plaintiff, as a matter of law, cannot recover on the theory of the case on which he is seeking to recover at the trial. It would be waste of time for him to proceed further; and, unless the trial court notifies him that it desires him to offer proof of the other facts necessary to sustain his action, he has a right to assume in such a case that, for the purpose of testing the correctness of the ruling of the court, the other facts are deemed by the court to be capable of proof. The decision of the court was a plain and decisive declaration to plaintiff that, although he should prove all the other facts as alleged, he could not in that court recover damages against defendant for the fraudulent representations of the deceased partner. The trial judge, of course, can compel the plaintiff to prove all the other facts. He may admit the evidence which he deems incompetent, and, after the case has been fully tried, may strike it out, and direct a verdict for the defendant. But, unless he calls for proof of the other facts, the plaintiff has a right to accept the ruling of the court as settling the question that he cannot in any event recover upon the theory on which he is proceeding, and may therefore, without further futile struggle against the inevitable, withdraw from that tribunal, and test the soundness of the ruling in the appellate court.

The judgment of the District Court is reversed, and a new trial ordered. All concur.