## MANUFACTURERS' FURNISHING CO. V. KREMER *et al.*

The admission of parol testimony to show that a written order for school apparatus, apparently complete in form, was signed by members of a school board and taken into the possession of soliciting agents upon express conditions that have never been complied with, in order to constitute a delivery, or give such order any binding effect, is not a violation of the rule that extrinsic parol testimony is inadmissible for the purpose of adding to, substracting from, contradicting, or in any manner varying the terms of a written instrument.

(Syllabus by the Court.   Opinion filed, Oct. 1, 1895.)

Appeal from circuit court, Minnehaha county.   Hon. JOSEPH W. JONES, Judge.

Action to recover for goods sold and delivered.   Judgment for defendants, and plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*Joe Kirby*, for appellants.

Written contracts cannot be varied by parol evidence.   McCormick v. Wilson, 40 N. W. 571; Aultman v. Brown, *Id.* 159; Dyer v. Walem, 7 S. E. 220; Harrison v. Morrison, 40 N. W. 66; Blair v. Buttolph, 33 N. W. 349; Marcus v. Loratson, 76 Ia. 23.

*E. H. Wilson*, for respondents.

The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled in order to avoid its effect.   Osborn v. Stringtion, 47 N. W. 408; Martin v. Behrens, 67 Pa. St. 461; Earl v. Right, 111 Mass. 20; Wilson v. Powers, 131 Id. 539; Morris v. Martin, 15 N. W. 725; Merchants v. Luckaw, 35 Id. 434.   A judgment will not be reversed becuase of the admission of incompetent evidence, where there is sufficient uncontradicted and admissable evidence to uphold it.   *Re* Crawford, 113 N. Y. 560; Parsons v. Railroad, *Id.* 355.

FULLER, J.   Plaintiff's object in bringing this suit was to obtain a judgment for $187.50 against the defendants, who are school officers, and its claim therefore is based upon a written order

signed by defendants for certain school apparatus, containing a stipulation that, if the goods are not taken and paid for within 30 days after their shipment, each of the defendants (provided a majority of the board sign the order) will become personally responsible for the purchase price, and it was further stipulated that no condition of the order could be changed or modified by any verbal agreement. There was a trial to a jury, and a verdict for the defendants. Plaintiff appeals from a judgment for costs, and from an order overruling a motion for a new trial. Defendants admitted that they constituted a majority of the school board, that they signed the order, and that the goods were shipped to the station designated therein more than 30 days prior to the commencement of the action. In support of the defense upon which respondents relied, uncontroverted testimony was offered, over plaintiff's objection, which conclusively shows that defendant's signatures were obtained by the agents of plaintiff, and that the instrument was executed by the defendant Wingen in the absence of his codefendant, and the possession thereof was secured by said agents upon an express condition that the same should be of no effect, and would be returned to him or destroyed, in case the other members of the board did not sign the order and agree to purchase the goods. Nicholaus Krebs, a director who refused to and never did sign the order, testified that the agents of plaintiff who attempted to procure his signature admitted that Mr. Wingen signed and let them take the order for the sole purpose of obtaining the signature of the Witness, and upon the condition that the same should amount to nothing in case such signature was not obtained. From the testimony of each of the defendants it clearly appears that the order was signed and delivered to the agents of plaintiff upon a condition that never was complied with. By a promise made by the agents of plaintiff to obtain the signature of all other directors, the defendant Wingen was induced to place his name upon the instrument, and to deliver the same to them for that purpose alone, and upon the express agreement that there was to be no personal liability, and that the order was to be of no

effect, until. the signatures of all the members of the board were obtained thereto. In the same manner and under like circumstances the signature of the defendant Kremer was secured. The undisputed evidence shows that the order was to have no effect, and the goods were not to be shipped unless every member of the board signed the paper. As this was not done, the order never became operative, and it was a fraud upon defendants for plaintiff to retain and attempt to enforce the same. Counsel's contention that the evidence was incompetent, because it tended to vary the terms of a written instrument, is without merit, and as this case is identical in principle with Machine Co. v. Faulkner, decided at this term and reported in 64 N. W. (S. D.) 163, we apply the reasoning of that case to the questions here presented, and affirm the judgment of the trial court.