## MEADOWS *et al* v. OSTERKAMP *et al.*

1. Under Comp. Laws, § 5455, which provides that "in an action for the recovery of real property upon which permanent improvements have been made by a defendant or those under whom he claims, holding under color of title adversely to the claim of the plaintiff, in good faith, the value of such improvements must be allowed as a counterclaim by such defendant," the fact that a tax deed under which a defendant claims was issued to him without his having given a proper notice under the statute, and before the expiration ot the 60 days after completed service of such notice, does not, as matter of law, show that it was taken in bad faith, so as to prevent it from constituting color of title, but the question of good faith is one of fact.

2. In an action for the recovery of real property, where the defendant, claiming for improvements, holds under a tax deed fair on its face, his good faith is presumed, until the contrary is shown.

3. Where the court, in an action to recover real property, in which the defendant claimed for improvements, sustained an objection to evidence offered to show the value of such improvements, on the ground that defendant's acceptance of a tax deed irregularly issued showed his bad faith, as a matter of law, defendant was not required to offer further evidence of his good faith, to entitle him to assign error upon such ruling.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Sully county. Hon. LORING E. GAFFY, Judge.

Action by George Meadows and William Meadows against Lorenze Osterkamp and others. Judgment for plaintiffs, and defendant Lorenze Osterkamp appeals. Reversed.

The facts are stated in the opinion.

*Andrew McFall* and *Albert Gunderson*, for appellant.

A tax deed regular on its face and properly acknowledged and executed is color of title. Taylor v. Hamilton, 173 Ill. 392;

Davis v. Hall, 92 Ill. 85; Parker v. Vinton, 77 N. W. 1023. Good faith is presumed until controverted. If controverted it becomes a question of fact for the jury. Woodward v. Blanchard, 16 Ill. 425; Stackler v. Silsbee, 2 N. W. 900. The statute under which the tax deed was issued did not require any notice to the owner. The mere fact that a deed to land is irregularly obtained does not show that it was taken in bad faith so as to prevent it from constituting color of title. Coward v. Coward, 148 Ill. 268; Bell v. Neiderer, 169 Ill. 54; Gains v. Saunders, 87 Mo. 557; Burgett v. Taliaferro, 118 Ill. 503; Colgan v. Peilens, 48 N. J. L. 27; Goodman v. Nichols, 44 Kan. 22; Miller v. Stines, 81 Ga. 655; Montgomery v. Whitfield, 41 La. Ann. 649; Reynolds v. Lincoln, 73 Cal. 191; Wilson v. Atkinson, 77 Cal. 485; Lotta v. Clifford, 47 Fed. 614; Lewis v. Pleasants, 143 Ill. 271; Golleib v. Thatcher, 51 Fed. 375; Stewart v. Stewart, 90 Wis. 516.

*Dillon & Sutherland,* for respondents.

The notice of intention to take tax deed must be served upon the party in whose name the land is taxed. Session Laws 1890, Chap. 151; Sess. Laws 1891, Chap. 14, p. 68, § 121; Black on Tax Titles, § 339; 2 Blackwell on Tax Titles, § 680; Heaton v. Knight, 16 N. W. 532; Fuller v. Butler, 32 N. W. 283: Hillyer v. Farneman, 21 N. W. 578; Rice v. Bates, 27 N. W 286. The notice must be addressed to the person upon whom it is to be served. Black on Tax Titles, § 333; Steel v. Murray, 45 N. W. 1030; Sperry v. Goodwin, 46 N. W. 328; Lynn v. Morse, 39 N. W. 207; Hartley v. Boynton, 17 Fed. 873.

Proof of service must be made by the owner of the certificate. Sess. Laws, 1890; Chap. 151, p. 319; Sess. Laws 1891 Chap. 14, p. 69, § 121.

A tax deed issued before the expiration of the period allowed for redemption does not constitute a color of title. Black on Tax Titles, § 382; 2 Blackwell Tax Titles, § 916; Bowman v. Wettig, 39 Ill. 416.

FULLER, P. J. Plaintiffs prevailed in this action to remove a cloud by setting aside a tax deed covering the premises described in the complaint, and the defendant appeals. Assuming, without deciding, that the tax deed is void, we will examine the record, for the purpose of determining whether the court was justified in holding, as a matter of law, that appellant was not entitled to recover the value of certain permanent improvements placed upon the land while in actual adverse possession under such deed. The statute under which the action was brought contains the following provision: "In an action for the recovery of real property, upon which permanent improvements have been made by a defendant or those under whom he claims, holding under color of title adversely to the claim of the plaintiff, in good faith, the value of such improvements must be allowed as a counter-claim by such defendant.". Comp. Laws, § 5455. In Parker v. Vinson, 11 S. D. 381, 77 N. W. 1023, it was held (the writer of this dissenting) that a void tax deed constitutes color of title, and that a defendant holding thereunder in good faith, and adversely to plaintiff may recover the value of such improvements. Now, it appears from the undisputed evidence that upon receipt of his tax deed, which was executed and delivered on the 20th day of February, 1893, appellant went into actual possession of the land, placed thereon a fence and dwelling house, and, claiming adversely to respondents, still continues to occupy the

premises. The trial court having sustained an objection to further evidence of this character, upon the theory that the foregoing provision has no application to a claimant under a void tax deed, counsel for appellant made the following offer of proof, which was also denied: "At this time the defendant offers to prove that subsequently to the taking possession of this land under his tax deed he has put improvements on this land to the amount of about $1,000, and that he is now residing and always has been in possession of the land under the tax deed, and that the possession was taken subsequently to the taking of the tax deed, and that the land, aside from the improvements, is not worth to exceed $160; that the land with the improvements is worth the sum of $1.160."

To sustain this ruling, it is urged, in effect, that the tax deed, though fair upon its face, issued as the result of certain defective proceedings, rendering it void as a matter of law, and appellant's failure to give the required notice before the exe cution of such deed is conclusive evidence of bad faith. There is testimony tending to show that he was ignorant of any defects in his title, or that there was an adverse claimant, and the improvements appear to have been made in the honest belief that he was the absolute owner of the property. In Parker v. Vinson, *supra*, it was held that a recovery may be had for such betterments, when made "in the honest belief that the title to the property was vested in the party making the improvements," and in the absence of anything to the contrary, it will be presumed that the tax title was acquired and the improvements made in the utmost good faith. As fraud is never presumed, but must be clearly proved, counsel's contention that the taking of the deed without proper notice, and before

the expiration of the 60 days after completed service of such notice, was fraudulent, as a matter of law, is not sustainable. Coward v. Coward, 148 Ill. 268, 35 N. E. 759. Whether one claiming real property under color of title entered and occupied the same in good faith is a question of fact for the jury, and the payment of subsequent taxes, as well as the erection of costly improvements upon land of but little value, is certainly no evidence of an intention to take an unwarranted advantage of the former owner. Gaines v. Saunders, 87 Mo. 557; Latta v. Clifford, (C. C.) 47 Fed. 614; Montgomery v. Whitfield, 41 La. Ann. 649, 6 South. 224. The view of the trial court was that in no event could appellant recover anything for improvements, for the reason that the tax deed was void; and upon this theory evidence relative thereto was excluded, and the case taken from the jury. Under such circumstances appellant was not bound to offer proof tending further to show good faith on his part, as defined by section 4739 of the Compiled Laws. In the language of respondents' counsel, the objection to the introduction of evidence concerning the value of improvements was made and sustained upon the theory that one who "accepts a tax deed before the expiration of the period allowed by law for redemption cannot be heard to say he has color of title, obtained in good faith, for the purpose of claiming improvements", and, in order to make this error available on appeal, appellant was not bound to offer further evidence. Loeb v. Willis, 100 N. Y. 231, 3 N. E. 177; Brundage v. Mellon, 5 N. D. 72, 63 N. W. 209.

The remaining assignments of error relate to points not likely to arise upon a retrial of the case, and therefore require no special attention. For the reasons above given, the judgment appealed from is reversed, and a new trial ordered.