MONTANA EASTERN RAILWAY COMPANY v. FRED C. LEBECK, Lora E. Lebeck, A. M. Gardner, Florence S. Gardner, Lower Yellowstone Water Users Association, and McKenzie County.

(155 N. W. 648.)

Condemnation suit — evidence — value — land — adapted to subdivision — lots, into — theory.

1. When the plaintiff in a condemnation suit first offers evidence as to values on the assumption that the land involved is adapted for subdivision into town lots, he cannot predicate error upon the subsequent admission of evidence on the part of defendant based on the same assumption.

Instructions — nonprejudicial.

2. Certain instructions examined, and held nonprejudicial.

Action — condemnation — compensation — value of land — purposes used — present value — uses.

3. In a condemnation action, compensation is not to be estimated simply with reference to the value of the land to the owner for the purpose it is then used, but with reference to what its present value is in view of the uses to which it. is reasonably capable of being put.

Theory — damages — proof of — method — accepted and acted upon — trial court — on appeal.

4. When a certain theory as to the method of proving damages is accepted and acted upon by the parties in the trial court as a proper one, it must be adhered to on appeal.

Questions — objections — sustained — facts — offer of proof — error — assignment of.

5. Where an objection to a question propounded to a witness is sustained, and the competency of the question is not apparent on its face, the party must,

---

Note.—That the adaptability of agricultural or unused lands for building lot purposes may be considered in estimating the damages to be allowed on condemnation of the property has been decided in many cases, as shown by a review of all the authorities in a note in 15 L.R.A.(N.S.) 679.

offer to prove the facts sought to be elicited before he can assign error· upon the ruling on the objection. Halley v. Folsom, 1 N. D. 325, followed.

**Conflicting evidence — verdict — based upon — supreme court — not interfered with.**

6. A verdict based on conflicting evidence cannot be set aside as unsupported by the evidence.

Opinion filed November 29, 1915.

Appeal from a judgment and an order denying a new trial of the District Court of Williams County, *Fisk,* J. Plaintiff appeals. Affirmed.

*W. B. Overson* and *Murphy & Toner,* for appellant.

The right of the plaintiff to condemn the mentioned strips of land is free from doubt. Bigelow v. Draper, 6 N. D. 152, 69 N. W. 570; Pitznogle v. Western Maryland R. Co. 119 Md. 673, 46 L.R.A.(N.S.) 319, 87 Atl. 917; State ex rel. Dominick v. Superior Ct. 52 Wash. 196, 21 L.R.A.(N.S.) 448, 100 Pac. 317.

The evidence is insufficient to support the verdict. The facts, upon which opinion evidence of witnesses is based, must be proved with reasonable certainty, and knowledge of such witnesses, or the subject about which they are testifying, must be clearly established. Goodwin v. State, 96 Ind. 557; Fremont, E. & M. Valley R. Co. v. Lamb, 11 Neb. 592, 10 N. W. 493; Dunham's Appeal, 27 Conn. 192; Potts v. House, 6 Ga. 324, 50 Am. Dec. 329; Roe v. Taylor, 45 Ill. 485; American Bible Soc. v. Price, 115 Ill. 623, 5 N. E. 126; Carthage Turnp. Co. v. Andrews, 102 Ind. 138, 52 Am. Rep. 653, 1 N. E. 364; Beaubien v. Cicotte, 12 Mich. 459; Re Pinney, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144; State v. Erb, 74 Mo. 199; Schlencker v. State, 9 Neb. 241, 1 N. W. 857; Re Vanauken, 10 N. J. Eq. 186; Clapp v. Fullerton, 34 N. Y. 190, 90 Am. Dec. 681; Baltimore & O. R. Co. v. Schultz, 43 Ohio St. 270, 1 N. E. 324, 54 Am. Rep. 805; Shaver v. McCarthy, 110 Pa. 339, 5 Atl. 614; Jones v. Fuller, 19 S. C. 66, 45 Am. Rep. 761; Harrison v. Rowan, 3 Wash. C. C. 580, Fed. Cas. No. 6,141.

The testimony of nonexpert opinion witnesses must be based upon proved, tangible facts, within their knowledge. Chicago, K. & W. R. Co. v. Donelson, 45 Kan. 189, 25 Pac. 584; St. Louis, I. M. & S. R. Co. v. Yarborough, 56 Ark. 612, 20 S. W. 515.

The possibility of percolation or seepage occurring after the trial is mere guesswork, and not a fact, nothing of the kind being proved as having occurred before the trial. Consolidated Home Supply Ditch & Reservoir Co. v. Hamlin, 6 Colo. App. 341, 40 Pac. 582; Manufacturers' Natural Gas Co. v. Leslie, 22 Ind. App. 677, 51 N. E. 510, 19 Mor. Min. Rep. 566.

No right that was not affected by the taking for the original right of way is shown to have been interfered with, and conditions in such respect were not changed. 10 Am. & Eng. Enc. Law, 1173; White v. Chicago, St. L. & P. R. Co. 122 Ind. 317, 7 L.R.A. 257, 23 N. E. 782; Kimble v. White Water Valley Canal Co. 1 Ind. 285; Gordon v. Tucker, 6 Me. 247; Fowle v. New Haven & N. Co. 112 Mass. 334; McCormick v. Kansas City, St. J. & C. B. R. Co. 57 Mo. 433; Trenton Water Power Co. v. Chambers, 13 N. J. Eq. 199; Denver City Irrig. & Water Co. v. Middaugh, 12 Colo. 434, 13 Am. St. Rep. 234, 21 Pac. 565; Churchill v. Beethe, 48 Neb. 87, 35 L.R.A. 442, 66 N. W. 992; Van Schoick v. Delaware & R. Canal Co. 20 N. J. L. 249; Bell v. Chicago, B. & Q. R. Co. 74 Iowa, 343, 37 N. W. 768; Pingery v. Cherokee & D. R. Co. 78 Iowa, 438, 43 N. W. 286.

Damages are to be assessed on the basis that the work will be constructed and operated in a skilful and proper manner. Jones v. Chicago & I. R. Co. 68 Ill. 380; Fremont, E. & M. Valley R. Co. v. Whalen, 11 Neb. 585, 10 N. W. 491; Neilson v. Chicago, M. & N. W. R. Co. 58 Wis. 516, 17 N. W. 310; Blakeley v. Chicago, K. & N. R. Co. 25 Neb. 207, 40 N. W. 956; Jackson v. Portland, 63 Me. 55; Setzler v. Pennsylvania Schuylkill Valley R. Co. 112 Pa. 56, 4 Atl. 370; March v. Portsmouth & C. R. Co. 19 N. H. 372; Nason v. Woonsocket Union R. Co. 4 R. I. 377; 1 Lewis, Em. Dom. 1105, 1106; Spencer v. Hartford, P. & F. R. Co. 10 R. I. 14.

Compensation must be fixed with reference to the value of the property in view of its character and use at the time of estimating damages. Tri-State Teleph. & Teleg. Co. v. Cosgriff, 19 N. D. 771, 26 L.R.A. (N.S.) 1171, 124 N. W. 75; Powers v. Hazelton & L. R. Co. 33 Ohio St. 429; Cedar Rapids, I. F. & N. W. R. Co. v. Ryan, 37 Minn. 38, 33 N. W. 6; Currie v. Waverly & N. Y. Bay R. Co. 52 N. J. L. 381, 19 Am. St. Rep. 452, 20 Atl. 56; New Britain v. Sargent, 42 Conn. 137; Clark v. Pennsylvania R. Co. 145 Pa. 438, 27 Am. St. Rep. 710, 22

Atl. 989; Calumet River R. Co. v. Moore, 124 Ill. 329, 15 N. E. 764; 10 Am. & Eng. Enc. Law, 1114.

The instructions of the court are the law of the case for the jury, and a verdict disobedient thereto is one contrary to law, and should be set aside. Freel v. Pietzsch, 22 N. D. 113, 132 N. W. 779; Abbott, Civil Jury Trials, § 8, p. 505; Valerius v. Richard, 57 Minn. 443, 59 N. W. 534; Cincinnati, I. St. L. & C. R. Co. v. Darling, 130 Ind. 376, 30 N. E. 416; Dent v. Bryce, 16 S. C. 14; Declez v. Save, 71 Cal. 552, 12 Pac. 722; South Florida R. Co. v. Rhodes, 25 Fla. 40, 3 L.R.A. 733, 23 Am. St. Rep. 506, 5 So. 633; Bushnell v. Chicago & N. W. R. Co. 69 Iowa, 620, 29 N. W. 753; Union P. R. Co. v. Hutchinson, 40 Kan. 51, 19 Pac. 312; Kansas City, Ft. S. & M. R. Co. v. Furst, 3 Kan. App. 265, 45 Pac. 128; Rafferty v. Missouri P. R. Co. 15 Mo. App. 559; Jacobs v. Oren, 30 Or. 593, 48 Pac. 431; Hulett v. Patterson, 6 Sadler (Pa.) 22, 8 Atl. 917; Reynolds v. Keokuk, 72 Iowa, 372, 34 N. W. 167; Murray v. Heinze, 17 Mont. 368, 42 Pac. 1057, 43 Pac. 714; Boyesen v. Heidelbrecht, 56 Neb. 570, 76 N. W. 1089; Pepperall v. City Park Transit Co. 15 Wash. 176, 45 Pac. 743, 46 Pac. 407; Felton v. Chicago, R. I. & P. R. Co. 69 Iowa, 577, 29 N. W. 618; Brown v. Wilson, 45 S. C. 519, 55 Am. St. Rep. 779, 23 S. E. 630; Emerson v. Santa Clara County, 40 Cal. 543.

There was no competent evidence of damage to lands other than those taken or used. The proper measure of damages in condemnation cases is the difference between the value of the land before and after taking. San Diego Land & Town Co. v. Neale, 88 Cal. 50, 11 L.R.A. 604, 25 Pac. 977; Young v. Harrison, 21 Ga. 584; 2 Lewis, Em. Dom. p. 947; St. Louis, K. & N. W. R. Co. v. St. Louis Union Stock Yards Co. 120 Mo. 541, 25 S. W. 399; 10 Am. & Eng. Enc. Law, 1158, 1174, subdiv. 5, and cases cited; Blair v. Charleston, 43 W. Va. 62, 35 L.R.A. 852, 64 Am. St. Rep. 837, 26 S. E. 341; Springer v. Chicago, 135 Ill. 552, 12 L.R.A. 609, 26 N. E. 514.

Admissions of the owner of lands so taken, as to their value, are material, and proof of same is competent. Lewis, Em. Dom. p. 958; Brown v. Calumet River R. Co. 125 Ill. 600, 18 N. E. 283; Central Branch, U. P. R. Co. v. Andrews, 37 Kan. 162, 14 Pac. 509; 10 Am. & Eng. Enc. Law, 1154; East Brandywine & W. R. Co. v. Ranck, 78 Pa. 454; Patch v. Boston, 146 Mass. 52, 14 N. E. 770.

.  ˙ The jury cannot estimate damages on their own responsibility; they must keep within the evidence.  A theory to the contrary, adopted by the trial court in his charge, is erroneous and prejudicial.  Bigelow v. Draper, 6 N. D. 152, 69 N. W. 570; 11 Enc. Pl. & Pr. 1145; Baker v. Ashe, 80 Tex. 356, 16 S. W. 36; Haight v. Vallet, 89 Cal. 249, 23 Am. St. Rep. 465, 26 Pac. 897.

  *R. J. Cowles* and *Palmer, Craven, & Burns,* for respondents.

  Defendants were clearly entitled to have the question as to the adaptability of the property to uses other than as farm property, submitted to the jury.  It is an element which the jury has the right to consider in estimating damages.  Petersburg School Dist. v. Peterson, 14 N. D. 344, 103 N. W. 756; Montana R. Co. v. Warren, 6 Mont. 275, 12 Pac. 641; Chicago, K. & N. R. Co. v. Davidson, 49 Kan. 589, 31 Pac. 131; Sherman v. St. Paul, M. & M. R. Co. 30 Minn. 227, 15 N. W. 239; Russell v. St. Paul, M. & M. R. Co. 33 Minn. 210, 22 N. W. 379; Washburn v. Milwaukee & L. W. R. Co. 59 Wis. 364, 18 N. W. 328; Alexian Bros. v. Oshkosh, 95 Wis. 221, 70 N. W. 162; Seattle & M. R. Co. v. Murphine, 4 Wash. 448, 30 Pac. 720; 15 Cyc. 726; Missouri, K. & T. R. Co. v. Roe, 15 L.R.A.(N.S.) 679, and note, 77 Kan. 224, 94 Pac. 259; 1 Thomp. Trials, § 247; McReynolds v. Burlington & O. River R. Co. 106 Ill. 152; Montana R. Co. v. Warren, 6 Mont. 275, 12 Pac. 641; Chicago, K. & N. R. Co. v. Davidson, 49 Kan. 589, 31 Pac. 131.

  Where there is substantial evidence, the verdict of the jury will not be disturbed on appeal, because the evidence for the respective parties is conflicting.  Taylor v. Jones, 3 N. D. 235, 55 N. W. 593; Becker v. Duncan, 8 N. D. 600, 80 N. W. 762; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Omaha Southern R. Co. v. Beeson, 36 Neb. 361, 54 N. W. 557; Snouffer v. Chicago & N. W. R. Co. 105 Iowa, 681, 75 N. W. 501; Duluth & W. R. Co. v. West, 51 Minn. 163, 53 N. W. 197.

  The jury is presumed to have followed the instructions of the court.  Chicago, M. & St. P. R. Co. v. Brink, 16 S. D. 644, 94 N. W. 422.

  CHRISTIANSON, J.  Plaintiff appeals from a judgment and an order denying its motion for a new trial in a condemnation proceeding where-

in the defendants Fred C. Lebeck, Lora E. Lebeck, A. M. Gardner, and Florence S. Gardner were awarded a verdict for $2,363. The tract of land involved adjoins the town site of Fairview, which is located partly in the state of Montana and partly in McKenzie county, North Dakota. Prior to the taking of the strip involved in this action, the plaintiff railway company had acquired a right of way for its railway across respondents' lands; and, also, acquired certain other lands for side tracks and roundhouse site, etc., and the main track of the road had been graded and substantially completed. At a point a short distance to the east of the east boundary line of the tract of land involved, and extending north and south, there was a lateral irrigation ditch which extended across appellant's right of way as well as across the proposed side tracks and roundhouse site. About June 28 1913, plaintiff entered upon the lands of the defendants some distance to the east of the southwest corner thereof, and built a ditch extending northerly to the north line of its right of way; and from thence easterly and parallel with said right of way, to a point on said lateral ditch near the eastern boundary line of the tract of land involved in this controversy. This new ditch was constructed by taking earth along the line of such ditch, building a foundation therefrom, and forming an elevated ditch from 3 to 5 feet above the natural surface of the ground, with borrow pits extending along the line of the ditch. For right of way for this "diverted ditch," the plaintiff took, and by these condemnation proceedings sought to acquire, 7.42 acres of respondents' land. The strip of land sought to be condemned forms a part of a 160 acre tract of irrigated land, located in the Yellowstone Valley.

As already stated the tract of land involved in this action adjoins the platted portion of the town site of Fairview, and the particular strip sought to be acquired by the condemnation proceedings occupies that portion of said tract immediately adjacent to the town site. The record shows that some of defendants' witnesses testified that the strip of land sought to be condemned, and other portions of the remaining tract immediately adjacent thereto, was suitable for subdivision into town lots or suburban tracts for residence purposes. Appellant's counsel contends that this element of value was speculative; that this testimony was therefore improper, and should have been excluded.

The so-called town-lot theory was first injected into this lawsuit, not

by defendants, but by the plaintiff. In plaintiff's case in chief, it offered testimony tending to show the value of the strip taken, and the damage to the remainder of the tract from which the strip was taken. Among the witnesses produced by plaintiff to prove these facts was one Richardson, who testified that in his opinion the value of the strip of land taken by the railroad company and sought to be acquired by the condemnation proceedings was $50 per acre. On cross-examination, he testified that the strip taken adjoined the town site of Fairview, and that in fixing such valuation he also took into consideration the fact that the railroad company at that time was already built across the land, and that the railroad company had contemplated and planned to build a roundhouse upon the quarter section of land involved in this action.

Thereupon, on redirect examination, the following questions were asked by plaintiff's counsel:

Q. Assuming that the particular property concerned is fitted for use as town lots, do you consider it would be damaged?

A. No, sir, it would not.

Q. There is an old ditch all the way for a half mile along the south end of this farm?

A. Yes, sir.

Q. That is there yet?

A. Yes, sir.

Q. And if this land is fitted for subdivision into lots that ditch will be there?

A. Yes, sir.

Q. If the land is subdivided into lots Lebeck won't have any use for irrigating, will he?

A. No, sir.

This is the first testimony offered on this subject. No attempt was made by plaintiff's counsel to have this testimony stricken out. Afterwards upon the presentation of defendants' case, testimony was also offered, upon the question of value. It will be seen that plaintiff's counsel, in examination of the witness Richardson, asked his opinion as to value and resultant damages upon the assumption that the particular property involved was fit for subdivision as town property. It seems self-evident that, as plaintiff offered expert evidence upon this assumed

state of facts, it was equally competent for the defendants to do so. It would indeed be a strange rule of evidence which would permit one party to a controversy to introduce testimony tending to establish a certain fact and exclude evidence offered by the other party upon the same question.

While this element of damage was injected into the lawsuit by the plaintiff, still the trial court in its instructions limited the jury's consideration thereof in such manner as to eliminate the danger of the jury indulging in any speculation as to what effect future contingencies might have upon the damages sustained by defendants. In its instructions the court said: "You are further instructed that while it is proper for witnesses, in making their estimate of damages to be allowed the defendants, to take into consideration any use to which you believe from the evidence the property in question may be profitably appropriated, yet you are not bound to base your verdict upon the supposition that it would be appropriated to a use other than that to which it is now devoted. In other words if, from the evidence, it appears that said property in question on June 28, 1913, might profitably have been appropriated or adapted to other uses than agricultural or farming, then the witnesses might take that fact into consideration in making their estimate of the damages sustained; but you as jurors are not bound to base your verdict upon that supposition that it would be appropriated to a use other than that to which it was then devoted.

"I instruct you, gentlemen of the jury, that you cannot allow defendants any damages on the theory that the town of Fairview may spread out to Lebeck's land, and the land thereby become valuable for use as town lots, because such damages are too remote and speculative."

Appellant, also, predicates error upon the first instruction quoted. It is contended that this instruction is contrary to the latter instruction, and hence erroneous. We are unable to see how, under the evidence, in this case, appellant could be prejudiced by this instruction.

The undisputed evidence in the case showed that the tract in question adjoined the platted portion of the town site of Fairview, then a town with a population of a few hundred people; that the plaintiff railway company had completed its plans to make Fairview a division point on this new line, and had, prior to the taking of the strip involved

herein, purchased about 30 acres of the same quarter section as a site for its roundhouse, side tracks, and other accommodations required at such division point. The testimony also showed that the strip involved, and the remainder of the tract from which the strip was taken, were nice level land, fitted for subdivision into small suburban tracts or lots for homes.

The defendants in this case were entitled to receive for the taking of the strip of land for the use intended by the plaintiff a sufficient sum to compensate them (1) for the actual value of the 7.42-acre strip taken; (2) for the damages (the difference between the cash market value, before and after the taking of the strip, and the construction of the ditch thereon), if any, which would accrue to the portion of the larger tract not sought to be condemned by reason of its severance from the strip taken, and the construction of the ditch thereon. Comp. Laws 1913, § 8223. It is true, compensation should be awarded in view of conditions existing and apparent at the time of the assessment of damages (Comp. Laws 1913, § 8224); and remote, speculative, uncertain, and imaginary damages should not be allowed. This does not, however, mean that courts and juries must shut their eyes and refuse to see matters which are then apparent, from which reasonable men would reasonably infer that the property taken in the near future naturally would be applied to some other use for which it is adapted. Such facts, while to some extent prospective, nevertheless enter into and frequently largely determine its market values at the time the property is taken.

Since damages must be assessed once for all for all damages present or prospective caused by the taking and the proper construction and operation of the work, the adaptation of the land for a certain purpose may be considered even though the land is not used for that purpose at the time of the taking. 14 Am. & Eng. Enc. Law, 1061. And in determining such adaptability regard should be had "to the existing business or wants of the community, or such as may be reasonably expected in the near future." Little Rock & Ft. S. R. Co. v. McGehee, 41 Ark. 202; See also 15 Cyc. 715; Petersburg School Dist. v. Peterson, 14 N. D. 344, 350, 103 N. W. 756.

"He whose land is taken for a railroad is to be equally protected. He is to receive all that equity and justice require, when the nature and extent of the property and rights to be affected are considered. The

corporation acquire the right to construct their road in any suitable and proper manner, for their own convenience and public accommodation, and the right to vary and change that construction, within the established limits of the road, from time to time, forever, until the state resume the right and privilege of the corporation, or until the charter be altered, repealed, or annulled. Accordingly, the commissioners or jury should take into consideration and appraise all damages, direct or consequential, present and prospective, certain and contingent, which may be judged by them fairly to result to the landowner by the loss of his property and rights, and the injuries done thereto. . . . And, for any loss or injury which results from building the road in a suitable and proper manner, the landowner can maintain no action against the company; the whole matter is concluded by the award of the commissioners or the verdict of the jury on appeal; for, where the legislature authorizes an act the necessary consequence of which is to damage the property of another, and at the same time prescribes the particular mode in which the damage shall be ascertained and compensated, he who does the act cannot be liable as a wrongdoer.

"The damages awarded by the commissioners must be regarded as a full compensation for all the injury which the landowner may sustain, then or at any future time, from any cause which the commissioners were bound, or had a right to consider; so that it can never afterwards be made a question whether, in fact, the commissioners have or have not considered any particular cause of damage legitimate for their consideration. It must be taken that they have done their duty in considering all such causes, and that the party who has acquiesced in their decision, without appeal, is satisfied that they have done so. Or in case of a submission to a jury, it must be understood that they have been governed by the same principles." Lewis, Em. Dom. 3d ed. § 819, p. 1446; Dearborn v. Boston, C. & M. R. Co. 24 N. H. 179, 186.

"If a tract of which the whole or a part is taken for a public use possesses a special value to the owner which can be measured by money, he is entitled to have that value considered in the estimate of compensation and damages. Compensation is not to be estimated simply with reference to the value of the land to the owner in the condition in which he has maintained it but with reference to what its present value is in view of the uses to which it is reasonably capable of being put.

If a part of a lot or tract is taken, the owner may, in order to prove the injury to the remaining part, show the uses to which it might profitably be applied before and after the taking. All facts which contribute to produce injury, as that the residue is put into a worse condition for a particular use, or for the use for which it was designed, or that it is rendered useless for a profitable purpose, may be considered. In determining the uses of which the property is capable, it is necessary to have regard to the existing business or wants of the community, or such as may reasonably be expected in the immediate future. This does not mean that the estimate may be based on any future profits that may be derived from the property when improved for a particular use when the business wants of the community may make it profitable to use the land in that particular way, but it means only that the fact of the property's capability or adaptability to the use may be considered as an element of its present value. The land must be shown to be marketable for the particular purpose, or that there is a reasonable expectation of some demand at some time for the use of the land for that purpose. The particular use to which the property is adapted or applied, although a proper matter to be considered, is not controlling as to the value; witnesses may be required in estimating the market value to show its value for other purposes also." 15 Cyc. 724.

"It would be difficult to enumerate the various elements of damages proper to be considered when part of a tract is taken. The shape and size of the parcel or parcels which remain, the difficulty of access and of communication between the different parts, inconvenience and disfigurement caused by the taking, any interference with the drainage of the land, or with the flow of surface water, or with the water supply, are recognized by all authorities as proper items to be taken into account in assessing the damages. . . . Every element arising from the construction and operation of the work or improvement which, in an appreciable degree, is capable of ascertainment in dollars and cents, that enters into the diminution or increase of the value of the particular property, is properly to be taken into consideration in determining whether there has been damage and the extent of it. Remote, imaginary, uncertain, and speculative damages should be disregarded. . . . The condition of the property before and after the taking may always be shown. Damages must be assessed once for all for all damages

present or prospective caused by the taking and by the proper construction and operation of the works." Lewis, Em. Dom. 3d ed. § 739.

The instructions above quoted limited the jury in its consideration of the use of the property to the evidence in the case, and eliminated from its consideration any speculation as to prospective values by reason of the possibility of the growth of the town of Fairview. When these instructions are considered as a whole, together with the evidence in the case, plaintiff has no cause for complaint.

Appellant's counsel next contends that in proving damages an improper method was pursued. The record discloses that the witnesses, in their testimony as to resultant damages, were not confined to a statement of the value of the property before and after the taking of the strip of land, but were permitted to give their opinions as to the damage sustained by reason of such taking. There is a square conflict in the authorities as to the admissibility of such opinions. In Jones, Commentaries on Evidence, § 388, it is said: "But there is a class of cases in which there is a decided conflict of authority as to the admissibility of opinions as to the amount of damages in condemnation proceedings. The courts of many of the states, perhaps a majority, hold that in such cases witnesses cannot state the amount of damages sustained thereby, on the ground that the amount of damages is the very subject referred to the jury. These courts confine the witnesses to a statement of the value of the property before and after its condemnation. But in many states and with much reason it is held that opinions as to the damage sustained in such cases should be received in evidence. These decisions are based upon the reasoning that, inasmuch as the amount of damages in such proceedings depends entirely upon opinions as to the value before and after the condemnation, and as these opinions are competent, it can make no material difference whether the witness gives his opinion as to the amount of damages at once or whether he is allowed simply to state to the jury his opinion as to values from which the opinion as to damages must necessarily follow by the process of subtraction. The tendency of the later decisions seems to be in favor of this rule."

While this court apparently has never ruled on the precise question, we believe that the rule universally adopted in the trial courts of this state is the one which confines the witness to a statement of the value of the remainder of the property before and after the taking of a part

thereof.   This rule is also in harmony with the measure of damages. fixed by our statutes (§ 8223, Comp. Laws 1913), and instructions as. to the measure of damages heretofore approved by this court.   See Tri-State Teleph. & Teleg. Co. v. Cosgriff, 19 N. D. 771, 780, 26 L.R.A. (N.S.) 1171, 124 N. W. 75.   Still it is difficult to see any substantial difference between the two rules.   The result is virtually the same.   But. in the case at bar, however, plaintiff is in no position to complain even though the method adopted was erroneous, as it was first adopted by plaintiff.   Every witness examined 'by plaintiff's counsel testified in this manner.   Defendant's counsel merely followed the same method pursued by plaintiff's counsel.   If it was error, it was first perpetrated by plaintiff's counsel.   Plaintiff will not be permitted to take a position in this court inconsistent with that assumed in the court below.   The theory pursued in the trial court will be adhered to on appeal.   3 C.. J. §§ 618, 628, 631.

In plaintiff's case in chief, a witness Mavity testified that he operated a moving picture show in Fairview.   He was thereupon asked the following question:  "Q. Has Mr. Lebeck ever authorized you to run an ad for him upon your curtain wherein he stated and authorized you to, state upon the curtain that he would sell an acre lot in this southwest. quarter of 32 for as small a sum of money as any lot was being sold in Fairview?"   An objection to this question was sustained, and error is. assigned upon such ruling.   This question called for an answer which would give the contents of the advertisement on the curtain, and hence the competency of the evidence was at least doubtful.   If answered in the affirmative what would it have proved?   There was no evidence offered to show the smallest sum lots in Fairview were being sold for (if such testimony would have been competent.)   No offer of proof was; made showing what evidence would have been given if the witness had: been permitted to testify.   The trial court's ruling was not erroneous. Halley v. Folsom, 1 N. D. 325, 48 N. W. 219; 3 C. J. § 736; See also. Owen v. Portage Teleph. Co. 126 Wis. 412, 105 N. W. 924, 19 Am. Neg. Rep. 612.

Plaintiff next contends that the evidence is insufficient to support the verdict.   The sole specification of insufficiency is as follows:  "The plaintiff specifies wherein the evidence is insufficient to support or justify the verdict as follows:

"The court instructed the jury that they could not allow damages on the theory that the town of Fairview, 'Montana, might spread out and Lebeck's land became a part of it, and be used as town lots. That they could not consider the question of whether or not a crossing had been provided across the ditch and right of way of the plaintiff, and that they could not allow any damages for the severing of the strip to be used as right of way for the ditch, and these instructions became a part of the law of the case. That the defendants' witnesses based their testimony as to the value of the land and damages, according to their own statements, almost wholly upon the town-lot proposition, the severing of the land, and the lack of crossings, and hence the verdict for $2,363 is not justified or supported by the evidence, is excessive, and clearly the result of passion and prejudice, and is against the instruction of the court and the law of the case.

"It further appears from the evidence of the witnesses for the defendants that their estimate of damages varies from $1,000 to $2,000, and hence it is apparent that the opinion of these witnesses cannot be reconciled on any other theory than that they were speculating on future possibilities."

This specification attacks the competency of the witnesses, and the weight to be given to their opinions rather than the sufficiency of the testimony actually given. The witnesses were residents of that vicinity, familiar with the land in question. They all stated that they were familiar with its value. "The weight to be given to their testimony was for the jury, to be measured by the intelligence of the witnesses, and their ability to pass upon such values. St. Louis, K. & N. W. R. Co. v. St. Louis Union Stock Yards Co. 120 Mo. 541, 25 S. W. 399. In Lewis, Em. Dom. § 437, it is said: 'This is a question the determination of which is left mostly to the discretion of the trial judge. . . . It is not necessary that the witnesses should have been engaged in the real-estate business. Intelligent men who have resided a long time in the place, and who are acquainted with the land in question, and say they know its value, are competent, although they are merchants or farmers, and have never bought or sold land in the place. . . . The value of such opinions depends upon the intelligence of the witness, and the knowledge and experience which he possesses in such matters, and is in all cases a question for the jury.' " Union Elevator

Co. v. Kansas City Suburban Belt R. Co. 135 Mo. 353, 36 S. W. 1071; See also Minneapolis, St. P. & S. Ste. M. R. Co. v. Nester, 3 N. D. 480, 57 N. W. 510.

There was a square conflict as to values, both the actual value of the strip taken and the resultant damages to the larger tract. The verdict, while considerably in excess of the values fixed by plaintiff's witnesses, is considerably less than those fixed by defendants' witnesses. It therefore appears that the jurors used their own judgment in determining the compensation to be allowed. This was their province. The verdict has support in the evidence, and is binding on this court.

The judgment and order appealed from must be affirmed. It is so ordered.