FOOT, SCHULZE & COMPANY, a Foreign Corporation, Respondent, v. L. T. SKEFFINGTON, J. S. Bixby, and J. B. Casey. J. S. BIXBY, Appellant.

(202 N. W. 642.)

**Appeal and error — if court rules that no case or defense can be made on theory on which evidence is offered, no further offer of proof is necessary to test propriety of ruling.**

1. If in the examination of a witness the purpose and purport of the testi-

Note.—(1) Necessity of offer of proof to test on appeal rejection of all evidence on certain theory, see 2 R. C. L. 78.

mony sought to be elicited are apparent and on objection thereto the ruling of the court is that no case or defense can be made on the theory on which the testimony is offered, then no further offer of proof is necessary in order to enable the proffering party to test the propriety of the ruling on appeal.

**Evidence — parol evidence of agreement that written contract was not to be delivered and become effective until third party should sign it does not tend to vary and contradict written instrument.**

2. In a suit brought on a written contract of guaranty which, among other things, recites that "It is mutually understood and agreed that this guaranty shall be binding on every party who signs it, whether same be signed by any other person or not," evidence of a contemporaneous parol agreement that such writing was not to be delivered and effective as a contract unless and until a third party should sign the same, is not objectionable as tending to vary and contradict the terms of a written instrument.

Opinion filed February 27, 1925.

Appeal and Error, 3 C. J. § 736 p. 825 n. 53; § 737 p. 827 n. 66.   Contracts, 13 C. J. § 131 p. 307 n. 8.   Evidence, 22 C. J. § 1540 p. 1150 n. 3; § 1612 p. 1211 n. 44; § 1631 p. 1223 n. 19, 21.   Guaranty, 28 C. J. § 198 p. 1028 n. 43.

Appeal from the District Court of Ransom County, *McKenna,* J. Action on a written contract of guaranty.

From a judgment for plaintiff, defendant J. S. Bixby appeals.

Reversed and new trial ordered.

*Kvello, Adams & Rourke,* for appellants.

A contract may be delivered upon condition and that such a contract does not become a binding obligation until the condition upon which it is delivered has been performed.   6 R. C. L. Contracts, § 58 (18). McFarland v. Sikes (Conn.) 1 Am. St. Rep. 111; 28 Yale Law Journal at 764.

"Evidence which is offered not for the purpose of varying or contradicting the terms of a written instrument but to show that it was never intended to be operative between the parties and never in fact had any legal existence as a contract or grant is admissible."   22 C. J. Evidence 1213 (61).

"Delivery of a deed or other written instrument is the final act of the parties by which the party executing the instrument puts it into the possession of the other party both intending thereby to make it opera-

tive; *but it is not a part of the contract and is not proved by it."* Ware v. Allen, 32 L. ed. 563.

"That parol evidence is admissible to show that a written instrument was never delivered, and therefore never became effective, cannot be doubted; and such evidence is not open to the objection that it contradicts or varies the terms of the written instrument, for it does nothing of the kind, but merely goes to one element, of the contract resting in parol, and essential to its existence as a contract, namely, the delivery." First State Bank v. Keely, 30 N. D. 92; Sargent v. Cooley, 12 N. D. 10; Grebe v. Swords, 28 N. D. 343; Bank v. Miller, 46 N. D. 557; 4 Wigmore, Ev. § 2408; 3 Jones, Ev. § 471.

*F. J. Graham (John J. Corbett,* of counsel), for respondent.

"A written undertaking of guaranty or suretyship cannot be varied or contradicted by parol or extrinsic evidence, but such evidence may be received to apply a guaranty to its subject matter." 22 C. J. § 1469.

"A written contract is presumed to be a finality and a party cannot prove by parol a provision or condition foreign to the terms of the written instrument." Rath v. Schoon, Iowa, 182 N. W. 180, Ann. Cas. 1912A, page 779, and notes.

"If a contract be reduced to writing neither the mere transfer of the physical possession thereof by one party thereto to the other, nor the mere failure to make such transfer is conclusive as to such contract becoming effective, although either such transfer or failure to transfer is probative of the intent of the parties.

"If a contract is reduced to writing a condition thereof, not expressed in such writing, to the effect that the same shall become void if not signed by a third person, is a condition subsequent, and parol evidence to prove such condition is inadmissible." Gund v. Roulier (Neb.) 188 N. W. 185.

NUESSLE, J. This case involves the application of the so-called "parol evidence rule." The question for determination arose in this wise. The plaintiff brought the action to recover on a written contract of guaranty known in the record as "Exhibit A." Among other things, this writing provided: "It is mutually understood and agreed that this guaranty shall be binding on every party who signs it, whether

same be signed by any other person or not." In his answer the defendant Bixby alleged "that on or about the 16th day of January, 1922 he signed the paper set out in plaintiff's complaint as Exhibit A but denies that the same was ever delivered to plaintiff, and in that connection says that at and before the execution of said paper by this defendant, plaintiff agreed with this defendant that the same should not be delivered and should not take effect nor become operative in any event unless it was signed by one P. A. Suhumskie who was a director with the other defendants herein in the corporation Lisbon-Farmers Co-operative Company and that the plaintiff then and there agreed with this answering defendant that said instrument Exhibit A would not be delivered and would not take effect or have any force or virtue until and unless the same was also signed by the said P. A. Suhumskie; that the said instrument never was signed by the said P. A. Suhumskie although plaintiff thereafter sought to secure his signature thereto and that the said P. A. Suhumskie refused and still refuses to sign the same; that by reason thereof the condition upon which said instrument was to become operative never occurred and the said instrument Exhibit A never was delivered to plaintiff and never went into effect and this answering defendant is not bound thereby."

The issue as thus made came to trial to a jury. The instrument Exhibit A, after proper preliminaries, was offered and received in evidence, and after making a prima facie case, the plaintiff rested. The defendant in support of his defense, as outlined by that portion of the answer heretofore quoted, was called to the stand and after preliminary questions was interrogated as to the conversation had at the time the instrument Exhibit A was signed by him. To this question the plaintiff objected on the ground that it was an attempt to vary the terms of a written instrument by parol testimony. The objection was sustained. The defendant thereupon stated that he had no further or other testimony to offer and stipulated that judgment might be entered against him subject to his right to appeal. Judgment was thereupon entered and the defendant perfected this appeal therefrom.

On argument before this court and for the first time, the point was made that, by reason of the general nature of the question to which plaintiff's objection was sustained and the failure of the defendant to make an offer of proof foreshadowing, for the benefit of the court and

opposing counsel, what he expected to establish by the testimony thus objected to, the defendant can not complain of the ruling. The plaintiff relies on numerous decisions of this court holding that where an objection to a question is sustained and the proffering party makes no offer of proof, he is not in a position to test the propriety of the ruling on appeal.

In the early case of Halley v. Folsom, 1 N. D. 325, 48 N. W. 219, the rule was stated thus: "Where an objection is sustained to a question propounded to a witness, and the competency of the question is not apparent on its face, the party must offer to prove the facts sought to be elicited before he can assign error upon the ruling upon the objection." This rule was approved in the cases of Madson v. Rutten, 16 N. D. 281, 13 L.R.A.(N.S.) 554, 113 N. W. 872; Bristol & S. Co. v. Skapple, 17 N. D. 271, 115 N. W. 841; State v. Schonberg, 24 N. D. 532, 140 N. W. 105; Montana Eastern R. Co. v. Lebeck, 32 N. D. 162, 155 N. W. 648; Farmer v. Holmes, 35 N. D. 344, 160 N. W. 143. See also 3 C. J. 825 and cases cited at note 53. But the rule is subject to the exception that if the purpose and purport of the testimony sought to be elicited are apparent, and the ruling of the court is that no case or defense can be made under the theory on which the testimony is offered, then no offer of proof is necessary. See Brundage v. Mellon, 5 N. D. 72, 63 N. W. 209; Bates v. Oregon-American Lumber Co. (C. C. A. 9th) 295 Fed. 1; 3 C. J. 827.

We think that in the instant case there could be no doubt in the mind of either counsel for the plaintiff or of the court as to the defense relied upon by the defendant; nor that the question objected to was intended to open the way to establish that defense. This conclusion seems irresistible. The defense was clearly stated in the answer. There could be no mistaking the theory under which it was formulated. The defendant sought to elicit evidence in support of that defense. The plaintiff objected to the inquiry on the ground that it was an attempt to vary the terms of a written instrument by parol testimony. The court after sustaining the objection said, in explanation of his ruling: "The court is of the opinion that the defense which Mr. Bixby wishes to offer was not available to him in this case because of the peculiar reading of the contract itself. The contract reads that it is mutually understood and agreed that this guaranty shall be binding upon every

party who signs it, whether the same was signed by any other person or not. Now, that being in the contract at the time Mr. Bixby signed it, he can not come in now and get relief, and that is the view of the court." Under the circumstances the case was clearly within the exception and no offer of proof was necessary.

We are brought, then, to the consideration of the question as to whether the ruling of the court in sustaining the objection to the defendant's line of inquiry was erroneous. The defendant contends that there was no attempt to vary or contradict the terms of the written instrument, Exhibit A; that the testimony sought to be introduced was for the purpose of showing that there was in fact no contract; that at most there was only a conditional delivery and the condition was never satisfied; that the evidence sought to be introduced was admissible and should have been received to establish these contentions. On the other hand, the plaintiff insists that the evidence was not admissible for the reason that its only effect would be to vary and contradict the terms of a written instrument; that if there was a condition it was a condition subsequent; that the universal rule, embodied in the statute as § 5889, Comp. Laws 1913, is that a contract in writing supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument; and that parol evidence is not admissible to vary or contradict the terms of a written instrument.

It is apparent that plaintiff grounds its position upon that portion of Exhibit A which provides: "It is mutually understood and agreed that this guaranty shall be binding on every party who signs it, whether the same be signed by any other person or not." Plaintiff insists that by reason of this provision the defendant was precluded from establishing a contemporaneous parol agreement that the writing was not to be delivered and effective until Suhumskie had signed the same and that it never was signed by him.

There can be no question as to the soundness of the plaintiff's proposition of law relative to the contradiction or variance of the terms of a written instrument by parol. The rule is so well established that citation of authority in support of it would be fruitless use of time and labor. While the rule is as contended, yet it can have no application until a written contract or agreement is established, and in every in-

stance the foundation for such a contract must ultimately be bedded on parol testimony. There must be a beginning somewhere, a foundation on which the facts of execution and delivery of a written contract must rest. The plaintiff falls into error in its basic promise—that is, in assuming that the writing sued upon was delivered and effective, that it had conclusively established that there was in fact a contract. As we view the record in the instant case, the testimony rejected by the court was admissible for the purpose, not of varying the terms of a written instrument or of showing a condition subsequent, by virtue of which such instrument once effective should become ineffective and inoperative, but, rather, for the purpose of establishing that never at any time was there an effective written contract, that there never had been any delivery of the instrument as a contract and that it never became operative. A contract in writing takes effect upon its delivery to the party in whose favor it is made or to his agent. See § 5891, Comp. Laws 1913. There can be no delivery without intent in the minds of the parties that there shall be. There is a distinction between a mere manual delivery or transition of an instrument without intent to give it validity as a contract and the turning over of an instrument with such intent. Delivery in the sense required to make an effective written contract is something more than the handing over of the writing, the mere transfer of physical possession. It is true in the instant case that the plaintiff was in possession of the writing Exhibit A. It is likewise true that the fact of possession in him who seeks to enforce a writing as a contract is evidence of its delivery in the wider sense. Prima facie, it was delivered with intent to be effective—for possession imports delivery. But all this is matter of evidence only and is not conclusive. Such being the case, there may always be an issue of fact as to whether there was a delivery and, therefore, where delivery is denied it is permissible to show by parol under what circumstances and with what intent the change of physical possession took place. If, for instance, in the case at bar, the writing after being signed by the defendant had been stolen and then come into the possession of the plaintiff, surely it would be permissible to show the facts with relation to the matter. If it had been signed and deposited with a third party under an agreement that it be delivered as a contract when and not until Suhumskie also had signed it, surely those facts might be shown.

Is there any difference in principle where the writing was given to the plaintiff to be delivered and effective only when signed by Suhumskie? We think not. In the instant case, the defendant Bixby, by his answer, challenged the fact of delivery with the intent to put the instrument into operation. He alleged that there was no such delivery but a conditional delivery only, that the condition was never satisfied and the instrument never became effective. The testimony which he proffered and which was rejected was aimed at the proof of such defense. Its purpose and effect were to establish that there was no contract and not to vary or contradict the terms of the contract. The evidence was properly admissible and its rejection was error. See First Nat. Bank v. Wallace, 50 N. D. 330, 196 N. W. 303; First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; Koester v. Northwestern Port Huron Co. 24 S. D. 546, 124 N. W. 740; Manufacturers' Furnishing Co. v. Kremer, 7 S. D. 463, 64 N. W. 528; Security Sav. Bank v. Rhodes, 107 Neb. 223, 20 A.L.R. 412, 185 N. W. 421; Gund v. Roulier, 108 Neb. 589, 188 N. W. 185, 190 N. W. 220; Vincent v. Russell, 101 Or. 672, 20 A.L.R. 417, 201 Pac. 433; Reiner v. Crawford, 23 Wash. 669, 83 Am. St. Rep. 848, 63 Pac. 516; Golden v. Meier, 129 Wis. 14, 116 Am. St. Rep. 935, 107 N. W. 27; Carpenter v. Carpenter, 141 Wis. 544, 124 N. W. 488; Beach v. Nevins, 18 L.R.A.(N.S.) 288, 89 C. C. A. 129, 162 Fed. 129. See also S. F. Bowser & Co. v. Fountain, 128 Minn. 198, L.R.A.1916B, 1036, 150 N. W. 795; Travers-Newton Chautauqua System v. Naab, 196 Iowa, 1313, 196 N. W. 36, 32 A.L.R. 780, and notes; Wigmore, Ev. §§ 2400 et seq; 22 C. J. 1148 et seq.

The judgment must be reversed and a new trial ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.